IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00366-MR

| | | |
|---|---|---|
| **HARRY JAMES FOWLER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **JANE DOE, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte*.

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Avery-Mitchell Correctional Institution. [Doc. 1]. Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis*. On December 9, 2020, the Court mailed Plaintiff a Notice of Deficiency informing him that he must either pay the filing fee or move to proceed *in forma pauperis* within 21 days. [Doc. 2]. Plaintiff was cautioned that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." [Id.].

Plaintiff has failed to comply with the Notice of Deficiency, and the time to do so has expired. Plaintiff appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without

prejudice.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge